Brandon M. Zlotnick (BZ 1146)
LAW OFFICES OF MICHAEL A. HASKEL
167 Willis Avenue
Mineola, New York 11501
Phone: (516) 294-0250
Fax:    (516) 294-0854 *(not for service)*
Email: haskelesq@aol.com
Attorneys for Plaintiffs

**Document Filed Electronically**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRA PLATT and GEORGIANA PLATT, as joint tenants with right of survivorship, | Civil Action No. |
| Plaintiffs, | |
| v. | |
| PROFIT MAX INTERNATIONAL, LLC and JOSEPH F. BATTIATO, | |
| Defendants. | |

### COMPLAINT

Plaintiffs Ira Platt and Georgiana Platt, as and for their complaint against Defendants Profit Max International, LLC and Joseph F. Battiato, allege as follows:

### JURISDICTION AND VENUE

1.   The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

2.   Venue is proper in this judicial district under 28 U.S.C. § 1391.

### PARTIES

3.   Plaintiffs Ira Platt and Georgiana Platt reside in Westport, Connecticut. (Collectively, Ira Platt and Georgiana Platt, as joint tenants with right of survivorship, shall be

referred to as "Plaintiffs".)

4.  Spurzem Management Corporation ("Spurzem") is a for-profit corporation incorporated under the laws of the State of New Jersey, with its principal place of business in Princeton, New Jersey.

5.  Defendant Profit Max International, LLC ("Profit Max") is, upon information and belief, a limited liability company organized under the laws of the State of New Jersey, with a principal place of business in Keasbey, New Jersey.

6.  Defendant Joseph F. Battiato ("Battiato") is an individual who, upon information and belief, resides at 6407 Fernandez Court, Parlin, New Jersey 08859.

7.  Upon information and belief, Battiato is the managing member of Profit Max. (Collectively, Profit Max and Battiato shall be referred to as "Defendants.")

## FACTS

### The Loans

8.  On or about December 17, 2003, the Platts loaned the principal sum of fifty thousand dollars ($50,000.00) to Profit Max.

9.  On or about December 17, 2003, Profit Max, through Battiato, executed a promissory note promising to pay, to the order of the Platts as joint tenants with right of survivorship, the principal sum of fifty thousand dollars ($50,000.00). (*See* Exhibit A ["Platts Promissory Note"].)

10. The term of the Platts Promissory Note was one year from the date thereof, so that the end of the term was on or about December 17, 2004. (*See id.* at 1.)

11. Under the Platts Promissory Note, the unpaid portion of the principal amount of that Note was due and payable in one installment at the end of the term, *i.e.*, on or about

December 17, 2004.  (*See id.* at 1.)

12. On or about March 8, 2004, Spurzem loaned the principal sum of fifty thousand dollars ($50,000.00) to Profit Max.

13. On or about March 8, 2004, Profit Max, through Battiato, executed a promissory note promising to pay, to the order of Spurzem, the principal sum of fifty thousand dollars ($50,000.00).  (*See* Exhibit B ["Spurzem Promissory Note"].)  (Collectively, the Platts Promissory Note and Spurzem Promissory Note shall be referred to as the "Promissory Notes.")

14. The term of the Spurzem Promissory Note was one year from the date thereof, so that the end of the term was on or about March 8, 2005.  (*See id.* at 1.)

15. Under the Spurzem Promissory Note, the unpaid portion of the principal amount of that Note was due and payable in one installment at the end of the term, *i.e.*, on or about March 8, 2005.  (*See id.* at 1.)

16. On or about December 31, 2007, Spurzem assigned its interest in the Spurzem Promissory Note to the Platts as joint tenants with right of survivorship.

17. From time to time, Profit Max and the holders of the Promissory Notes agreed to extend the terms of the Promissory Notes, and the maturity dates of both Promissory Notes were repeatedly extended until in or about December 2008, after which time demand was made for repayment thereof as set forth below.

18. Under both Promissory Notes, any outstanding principal amount thereof is to bear interest at the rate of fifteen percent (15%) per annum, based on a year of 360 days, comprised of twelve 30-day months, for the number of days actually elapsed, until the date on which the last payment of principal and interest under the Note shall have been paid.  (Exh. A at 1; Exh. B at 1.)

19. Under both Promissory Notes, all accrued and unpaid interest thereon is due and payable monthly to the relevant payee, and payment of interest is to be made on the fifteenth day of each month in which the interest is due and payable. (Exh. A at 1; Exh. B at 1.)

### Profit Max's Defaults

20. Profit Max failed to pay any portion of the principal amount of either Promissory Note after maturity, and notwithstanding repeated demands for repayment, including those set forth below, and thereby defaulted in its obligations to pay the principal of said Notes.

21. Profit Max failed to make timely interest payments due under either of the Promissory Notes when such payments were to be made on October 15, 2008; November 15, 2008; December 15, 2008; and January 15, 2009, thereby defaulting on its obligation to pay interest under said Notes.

22. To date, Profit Max has not paid any portion of the principal on either of the Promissory Notes. As of the date of this complaint, Profit Max owes the Platts $50,000.00 in principal on the Platts Promissory Note, and $50,000.00 in principal on the Spurzem Promissory Note.

23. On February 3, 2009, and on other occasions, Plaintiffs made demand for immediate payment of the principal and the accrued unpaid interest under the Promissory Notes.

24. On or about February 15, 2009, Profit Max or Battiato paid Plaintiffs the accrued interest due up to that date under the Promissory Notes, but failed to pay any principal notwithstanding the demand therefor, and Profit Max and Battiato have failed to pay any interest accruing subsequent to February 15, 2009.

### The Guaranties

25. On or about December 17, 2003, Battiato executed an "Unconditional Guaranty"

4

agreement ("Platts Guaranty") that states he agrees "for the benefit of the Lender and its successors and assigns," that he "absolutely, irrevocably and unconditionally guarantees all the obligations and liabilities of the Borrower under the [Platts Promissory] Note, and all of the costs and expenses incurred by the Lender in preserving and enforcing their rights and remedies, this Unconditional Guaranty or otherwise."  (Exhibit C at 1.)

26. On or about March 8, 2004, Battiato executed an "Unconditional Guaranty" agreement ("Spurzem Guaranty") (collectively, the Platts Guaranty and Spurzem Guaranty shall be referred to as the "Guaranties") that states he agrees "for the benefit of the Lender and its successors and assigns," that he "absolutely, irrevocably and unconditionally guarantees all the obligations and liabilities of the Borrower under the [Spurzem Promissory] Note, and all of the costs and expenses incurred by the Lender in preserving and enforcing their rights and remedies, this Unconditional Guaranty or otherwise."  (Exhibit D at 1.)

27. Because Profit Max has defaulted under the Promissory Notes, Battiato is liable under the Guaranties.

## **Battiato's Defaults Under the Guaranties**

28. Under each of the Guaranties, Battiato is deemed in default if he "fails to perform or observe, covenant or agreement contained [therein] which failure continues for 1 day following the receipt of written notice from the Lender."  (Exh. C ¶ 10; Exh. D ¶ 10.)

29. Battiato has failed to pay the Platts any of the monies owed them under the Platts Guaranty, and has failed to pay the Platts any of the monies owed them under the Spurzem Guaranty.

30. On or about February 3, 2009, Plaintiffs informed Battiato in writing that the outstanding principal balances on the Promissory Notes, together with all accrued interest, were

5

due and immediately payable, and that in the absence of payment of all monies due by March 2, 2009, Plaintiffs would pursue all available legal rights, including those under the Guaranties.

31. Battiato has, to date, failed to make payment to Plaintiffs pursuant to the Guaranties, thus defaulting under the Guaranties.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST PROFIT MAX

32. Plaintiffs repeat and reiterate each and every allegation in paragraphs marked and numbered "1" through "31" hereof as if fully set forth herein.

33. The Platts Promissory Note constitutes a contract between the Platts and Profit Max.

34. Profit Max's default under the Platts Promissory Note constitutes a material breach thereof.

35. The Platts have been injured by Profit Max's breach of the Platts Promissory Note, in that they have not been paid any of the principal owed under said Note.

36. There is now due and owing from Profit Max to the Platts the sum of $50,000.00, together with interest accruing thereon since February 15, 2009, for all of which Profit Max is liable.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST PROFIT MAX

37. Plaintiffs repeat and reiterate each and every allegation in paragraphs marked and numbered "1" through "36" hereof as if fully set forth herein.

38. The Spurzem Promissory Note constitutes a contract between the Platts and Profit Max.

39. Profit Max's default under the Spurzem Promissory Note constitutes a material breach thereof.

40. Spurzem assigned its interest in the Spurzem Promissory Note to the Platts, who,

as the new holders of the Spurzem Promissory Note, succeeded to all of Spurzem's rights thereunder.

41. The Platts have been injured by Profit Max's breach of the Spurzem Promissory Note, in that they have not been paid any of the principal owed under said Note.

42. There is now due and owing from Profit Max to the Platts the sum of $50,000.00, together with interest accruing thereon since February 15, 2009, for all of which Profit Max is liable.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST BATTIATO

43. Plaintiffs repeat and reiterate each and every allegation in paragraphs marked and numbered "1" through "42" hereof as if fully set forth herein.

44. The Platts Guaranty constitutes a contract between the Platts and Battiato.

45. Battiato's failure to pay the Platts any of the monies owed them under the Platts Guaranty constitutes a material breach of said Guaranty.

46. The Platts have been injured by Battiato's breach of the Platts Guaranty, in that they have not been paid any of the amount owed thereunder, and are owed reimbursement for the costs and expenses incurred by the Platts in preserving and enforcing their rights under the Platts Guaranty and the Platts Promissory Note.

47. There is now due and owing from Battiato to the Platts the sum of $50,000.00, together with interest accruing thereon since February 15, 2009, as well as the costs and expenses incurred by the Platts in preserving and enforcing their rights under the Platts Guaranty and the Platts Promissory Note, for all of which Battiato is liable.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST BATTIATO

48. Plaintiffs repeat and reiterate each and every allegation in paragraphs marked and numbered "1" through "47" hereof as if fully set forth herein.

49. The Spurzem Guaranty constitutes a contract between the Platts and Battiato.

50. Battiato's failure to pay the Platts any of the monies owed them under the Spurzem Guaranty constitutes a material breach of said Guaranty.

51. As Spurzem assigned its interest in the Spurzem Promissory Note to the Platts, the Platts, as the new holders of the Spurzem Promissory Note, succeeded to all of Spurzem's rights under the Spurzem Guaranty.

52. The Platts have been injured by Battiato's breach of the Spurzem Guaranty, in that they have not been paid any of the amount owed thereunder, and are owed reimbursement for the costs and expenses incurred by the Platts in preserving and enforcing their rights under the Spurzem Guaranty and the Spurzem Promissory Note.

53. There is now due and owing from Battiato to the Platts the sum of $50,000.00, together with interest accruing thereon since February 15, 2009, as well as the costs and expenses incurred by the Platts in preserving and enforcing their rights under the Spurzem Guaranty and the Spurzem Promissory Note, for all of which Battiato is liable.

**WHEREFORE,** Plaintiffs Ira Platt and Georgiana Platt, as joint tenants with right of survivorship, demand judgment as follows:

(i) On the First Cause of Action against Profit Max International, LLC and in favor of Ira Platt and Georgiana Platt, as joint tenants with right of survivorship, a money judgment in the amount of $50,000.00, together with interest accruing thereon since February 15, 2009, at the rate of 15% per annum through judgment;

(ii) On the Second Cause of Action against Profit Max International, LLC and in favor of Ira Platt and Georgiana Platt, as joint tenants with right of survivorship, a money judgment in the amount of $50,000.00, together with interest accruing

        thereon since February 15, 2009, at the rate of 15% per annum through judgment;

(iii)    On the Third Cause of Action against Joseph F. Battiato and in favor of Ira Platt and Georgiana Platt, as joint tenants with right of survivorship, a money judgment in the amount of $50,000.00, together with interest thereon accruing since February 15, 2009, at the rate of 15% per annum through judgment, and the costs and expenses incurred by the Platts in preserving and enforcing their rights under the Platts Guaranty and the Platts Promissory Note;

(iv)    On the Fourth Cause of Action against Joseph F. Battiato and in favor of Ira Platt and Georgiana Platt, as joint tenants with right of survivorship, a money judgment in the amount of $50,000.00, together with interest thereon accruing since February 15, 2009, at the rate of 15% per annum through judgment, and the costs and expenses incurred by the Platts in preserving and enforcing their rights under the Spurzem Guaranty and the Spurzem Promissory Note; and

(v)    Together with attorneys fees, costs and expenses, disbursements and interest.

Dated: Mineola, New York
       March 16, 2009

                      LAW OFFICES OF MICHAEL A. HASKEL

                      By: s/ Brandon M. Zlotnick
                         Brandon M. Zlotnick (BZ 1146)
                         167 Willis Avenue
                         Mineola, New York 11501
                         Phone: (516) 294-0250
                         Fax:   (516) 294-0854 *(not for service)*
                         Email: haskelesq@aol.com

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither plaintiff nor plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.


Dated: Mineola, New York
       March 16, 2009


                        LAW OFFICES OF MICHAEL A. HASKEL

                        By: s/ Brandon M. Zlotnick
                            Brandon M. Zlotnick (BZ 1146)
                            167 Willis Avenue
                            Mineola, New York 11501
                            Phone: (516) 294-0250
                            Fax:   (516) 294-0854 *(not for service)*
                            Email: haskelesq@aol.com